**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KHOTAMJON ABDUNABI UGLI GANJANOV,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>　　　　　　　　Respondents. | Case No. 1:26-cv-02946-JLT-SAB<br><br> A-Number: 245-048-091<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court is Khotamjon Abdunabi Ugli Ganjanov's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (*See* Doc. 6.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 2.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.   BACKGROUND

Petitioner is an asylum seeker from Uzbekistan who entered the United States on or about July 16, 2023. (Doc. 2 at 3.) The record suggests that Petitioner was encountered at the border and released pending an outcome on his asylum application.[2] Petitioner was ordered

---

further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 5.) Respondents did not request a hearing or further briefing and instead request this Court "deny the petition for writ of habeas corpus," (Doc. 6 at 2), thereby requesting a decision on the underlying merits. Considering this and given that Respondents had notice and opportunity to respond, (*see* Doc. 6), the Court decides this case on the underlying habeas petition.

[2]  Despite this Court ordering Respondents to "provide . . . copies of referenced/relevant portions of Petitioner's A-File and other supporting documents" (Doc. 5), Respondents only indicate "Petitioner's prior release in the discretion of DHS does not have the effect of having converted [P]etitioner's presence in the United States into an 'admission.'" (Doc. 6 at 2.) This suggests that Petitioner was encountered at the border and released on his own recognizance. (*See id*.)

removed on November 20, 2024, and has a current appeal before the Board of Immigration Appeals, which has been pending since December 11, 2024.[3] (*See id*.) On March 18, 2026, Petitioner was arrested by ICE in Philadelphia and transferred to California City Immigration Processing Center in California, where he is currently detained. (*Id*.) Petitioner has no criminal history, (Doc. 2 at 3), nor is there any indication in the record that Petitioner now poses a flight risk or danger to the community. (*Id*. at 2–3; *see also* Doc. 1 at 1–2, 5; Doc. 6.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 6.) Respondents do not argue that the non-final order of removal requires Petitioner's ongoing detention. Likewise, they offer little to rebut Petitioner's due process claim and do not distinguish this case from the numerous cases issued by the undersigned, finding this legal position to be incorrect. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons

---

[3] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that the immigration judge ordered Petitioner removed on November 20, 2024, and that the appeal to the BIA was received on December 11, 2024, which is still currently pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 23, 2026). Petitioner also indicates that he has "a pending appeal before the BIA from a decision by the Philadelphia Immigration Court." (Doc. 2 at 3.)

stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.      The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

3.      The Clerk of Court is directed to serve the California City Immigration Processing Center in California with a copy of this Order.

4.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* and/or *judicially* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.